IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14 CR 06-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| EVARD LAMAR BRADLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#27) filed on August 13, 2014 in the above entitled cause by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Andrew Banzhoff, and the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegation contained in the Violation Report. Testimony was presented by the Government through Mark D. Corbin, United States Probation

Officer.

The Defendant was charged in a bill of indictment filed on June 3, 2014 with the following offenses:

Count One: attempt to commit murder, in violation of 18 U.S.C. § 1111, 1113, and 1153;

Counts Two, Three, Four, Five and Seven: assaulting another person with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3); and

Count Six: assaulting another person resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) and 1153.

A hearing was held in regard to the detention of Defendant on June 12, 2014. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release;

(8)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

On August 5, 2014, Defendant submitted to a drug screen which resulted in

positive test showing that Defendant had used or consumed methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds that it has been shown by clear and convincing evidence that Defendant violated the condition of release that required Defendant to refrain from use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner. The test performed upon Defendant shows that the Defendant had consumed methamphetamine. Methamphetamine is narcotic that is not prescribed by a

licensed medical practitioner.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of prehearing release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: August 22, 2014

_____
Dennis L. Howell
United States Magistrate Judge